Earl Sutherland, ABA #8111132
Preg O'Donnell & Gillett PLLC
901 Fifth Ave., Suite 3400
Seattle, WA 98164
Phone: (206) 287-1775
Fax: (206) 287-9113
Attorney for Plaintiffs The Charter Oak Fire
Insurance Company, The Travelers Indemnity
Company Of America, The Travelers
Indemnity Company Of Connecticut, And
Travelers Property Casualty Company Of
America

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| THE CHARTER OAK FIRE INSURANCE COMPANY, a foreign insurer; THE TRAVELERS INDEMNITY COMPANY OF AMERICA, a foreign insurer; THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT, a foreign insurer; and TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, a foreign insurer, | NO. COMPLAINT FOR DECLARATORY RELIEF |
| Plaintiffs, | |
| v. | |
| INTEGRATED CONCEPTS AND RESEARCH CORPORATION, a corporation; VSE CORPORATION, a corporation, and MUNICIPALITY OF ANCHORAGE, | |
| Defendants. | |

COMPLAINT FOR DECLARATORY RELIEF - 1

The Charter Oak Fire Insurance Company, et al. v.
Integrated Concepts and Research Corporation, et al.
Cause No.
5280187 10636-0002

# I. PARTIES

1.1 The Charter Oak Fire Insurance Company is a foreign insurer organized under the laws of the state of Connecticut, with its principal place of business in Connecticut.

1.2 The Travelers Indemnity Company of America is a foreign insurer organized under the laws of the state of Connecticut, with its principal place of business in Connecticut.

1.3 The Travelers Indemnity Company of Connecticut is a foreign insurer organized under the laws of the state of Connecticut, with its principal place of business in Connecticut.

1.4 Travelers Property Casualty Company of America is a foreign insurer incorporated in the State of Connecticut, with its principal place of business in Connecticut.[1]

1.5 Integrated Concepts and Research Corporation (hereinafter "ICRC") is a for profit company, which is incorporated in Washington, D.C. and has its principal place of business in the State of Virginia.

1.6 VSE Corporation (hereinafter "VSE") is a for profit company, which is incorporated in the State of Delaware and has its principal place of business in the State of Virginia.

1.7 Municipality of Anchorage (hereinafter "Anchorage") is a municipality organized and existing under the laws of the State of Alaska.

## II. JURISDICTION AND VENUE

2.1 Jurisdiction is properly before this Court pursuant to USC Title 28, §1332, *et seq.* in that diversity of citizenship exists among the parties and the amount in controversy exceeds $75,000.

---

[1] The Charter Oak Fire Insurance Company, The Travelers Indemnity Company of America, The Travelers Indemnity Company of Connecticut, and Travelers Property Casualty Company of America shall hereinafter be collectively referred to as "Travelers" expect where otherwise designated.

COMPLAINT FOR DECLARATORY RELIEF - 2

The Charter Oak Fire Insurance Company, et al. v.
Integrated Concepts and Research Corporation, et al.
Cause No.
5280187 10636-0002

2.2  This action involves a dispute over the application of insurance coverage for insurance claims arising from an Underlying Lawsuit in Anchorage, Alaska.  As a result, venue is properly in this court.

## III.  FACTS

### A. Background

3.1  Anchorage signed a memorandum of understanding with the Maritime Administration (hereinafter "MarAd"), a federal agency, on or about June 10, 2003.

3.2  MarAd was responsible for design and construction of the Port of Anchorage Intermodal Expansion Project (hereinafter "Project").

3.3  MarAd then contracted with Koniag in May of 2003.  Koniag was to provide all project management, design-build, procurement of services, and project administration with respect to the design and construction of the Project.

3.4  ICRC later assumed the responsibilities of the 2003 Koniag contract under a separate novation agreement of February 16, 2004.

3.5  Under the 2003 contract ICRC was to perform certain enumerated activities, including but not limited to, program management, procurement, administration, and planning.

3.6  ICRC subcontracted with PND Engineers (hereinafter "PND") to provide design related services with respect to the Project in or around 2006.

3.7  The 2006 ICRC-PND contract stated that an Open-Cell Sheet-Pile Structure (hereinafter "OCSP") had been selected as the method of expansion of the Port of Anchorage.

3.8  ICRC entered into two additional contracts with PND.

COMPLAINT FOR DECLARATORY RELIEF - 3
The Charter Oak Fire Insurance Company, et al. v.
Integrated Concepts and Research Corporation, et al.
Cause No.
5280187 10636-0002

3.9 First, it entered into a contract for construction administration and oversight of the installation of the OCSP design in June of 2008.

3.10 Second, it entered into an additional subcontract in 2009 for review of plan submittals and overall design administration with respect to the installation and construction of the Open Cell design.

3.11 ICRC renewed its contract with MarAd in or about July of 2008.

3.12 ICRC subcontracted with Quality Asphalt Paving, Inc. (hereinafter "Quality") in February of 2008 to carry out the actual construction and installation of the Open Cell sheet metal design.

3.13 Quality in turn subcontracted with MKB Constructors (hereinafter "MKB").

3.14 Construction began in or around 2007.

3.15 Alaska Interstate Construction, LLC (hereinafter "AIC") was responsible for placement of the armor rock and construction of an earth dike.

3.16 Anchorage claims that as of November 2007 the armor rock had migrated to the future footprint of the OCSP construction and that ICRC had knowledge of the armor rock migration.

3.17 Anchorage alleges that ICRC continued to oversee the construction of the open cells at the location of the armor rock despite this knowledge.

3.18 Construction of the OCSP design began in Spring of 2008 and continued through May 31, 2012.

3.19 On May 31, 2012, ICRC's contract with MarAd was not renewed.

The Charter Oak Fire Insurance Company, et al. v.
Integrated Concepts and Research Corporation, et al.
Cause No.
5280187 10636-0002

## B. The Underlying Lawsuit

3.20 Anchorage filed suit against ICRC, PND, and CH2M Hill Alaska, Inc. (hereinafter "CH2M") on March 8, 2013, in the Superior Court for the State of Alaska Third Judicial District at Anchorage, Cause No. 3AN-13-5699 CI.

3.21 Defendants ICRC, PND, and CH2M subsequently removed the action to the United States District Court for the District of Alaska, Cause No. 3:13-cv-00063 (hereinafter the "Underlying Lawsuit").

3.22 The Underlying Lawsuit includes causes of action against ICRC for Breach of Contract, Professional Negligence, and Negligence.

3.23 With respect to the Breach of Contract claim, Anchorage claims it was a third-party beneficiary of the ICRC-MarAd contract, and therefore can assert a claim for breach of the same.

3.24 With respect to the Professional Negligence claim, the Underlying Lawsuit contains allegations that ICRC was negligent in the performance of its professional construction, engineering and technical services with respect to the administration, design and construction of the project.

3.25 Anchorage claims that it has suffered actual damages as a result of ICRC's faulty administration, design and construction of the Project.

3.26 The Underlying Lawsuit further alleges that damage and defective conditions related to the cells that were constructed on behalf of ICRC were discovered and known to ICRC as early as August or September of 2010.

COMPLAINT FOR DECLARATORY RELIEF - 5

The Charter Oak Fire Insurance Company, et al. v.
Integrated Concepts and Research Corporation, et al.
Cause No.
5280187 10636-0002

3.27 The Underlying Lawsuit does not identify any property damage resulting from any work of ICRC, or the contractors it retained, other than damage to component parts of the Project constructed by or under ICRC's direction.

3.28 On or about November 7, 2014, Anchorage filed the First Amended Complaint.

3.29 The First Amended Complaint added claims against GeoEngineers, Inc., and additional claims against CH2M.

### C. **Tender of Defense**

3.30 On or about April 10, 2013, VSE Corporation, on behalf of ICRC, tendered the Underlying Lawsuit to Travelers seeking defense and indemnity.

3.31 On or about June 14, 2013, Travelers agreed to defend ICRC subject to an express reservation of rights.

3.32 Travelers' correspondence of June 14, 2013, expressly reserved the right to seek reimbursement of any defense fees and costs to the extent it is determined that there is no defense or indemnity obligation under any of the policies issued by Travelers to ICRC.

3.33 Furthermore, Travelers' correspondence of June 14, 2013, expressly reserved the right to withdraw from the defense of uncovered claims.

3.34 On or about September 8, 2014, Travelers partially withdrew from the defense of ICRC, with respect to Anchorage's claims arising from ICRC's professional negligence, breach of contract, and construction management.

3.35 Travelers' withdrawal also includes a withdrawal from the defense of any claims arising from ICRC's testing and consulting on the subject Project.

COMPLAINT FOR DECLARATORY RELIEF - 6

The Charter Oak Fire Insurance Company, et al. v.
Integrated Concepts and Research Corporation, et al.
Cause No.
5280187 10636-0002

3.36 Travelers continued its defense of the negligence claims alleged against ICRC in the Underlying Lawsuit subject to an express reservation of rights.

3.37 Travelers also requested that ICRC segregate its defense fees and expenses pursuant to Alaska Stat. § 21.96.100 (2012). Specifically, Travelers requested that ICRC segregate fees and expenses incurred regarding the defense of ICRC for Anchorage's general negligence claims from the fees and expenses related to the defense of the claims for which Travelers withdrawn from the defense of ICRC.

3.38 Upon information and belief, ICRC has not segregated its defense fees and expenses according to covered and uncovered claims as obligated under Alaska Stat. § 21.96.100 (2012).

### D. Policies of Insurance

3.39 The Charter Oak Fire Insurance Company issued to VSE commercial general liability (hereinafter "CGL") policies of insurance with policy numbers 366X2049-COF-10 and 1133X365-COF-11 with successive policy periods from January 1, 2010 through January 1, 2012.

3.40 The Travelers Indemnity Company of America issued to VSE a CGL policy of insurance with policy number 366X2049-TIA-09 with a policy period of January 1, 2009 through January 1, 2010.

3.41 The Travelers Indemnity Company of Connecticut Company issued to VSE CGL policies of insurance with policy numbers 366X2049-TCT-08 and 366X2049-TCT-07 with successive policy periods from January 1, 2007 through January 1, 2009.

COMPLAINT FOR DECLARATORY RELIEF - 7

The Charter Oak Fire Insurance Company, et al. v.
Integrated Concepts and Research Corporation, et al.
Cause No.
5280187 10636-0002

Case 3:15-cv-00147-RRB Document 2 Filed 08/22/15 Page 7 of 28

3.42 Travelers Property Casualty Company of America issued to VSE an Excess Policy numbered PSM-CUP-958K6388-TIL with a policy period of January 1, 2007 to January 1, 2008. This policy was subsequently renewed for consecutive one year periods through January 1, 2011.

3.43 Travelers Property Casualty Company of America also issued to VSE an Excess Policy numbered PSM-1133X365-TIL-11 with a policy period of January 1, 2011 to January 1, 2012.

3.44 Each Excess Policy issued to VSE follows the form of the primary CGL policies and contains substantially the same coverages, exclusions, terms and conditions.

3.45 In its letter of June 14, 2013, Travelers advised ICRC that it had not received a tender of any claim under the Excess Policies.

3.46 To date, no tender of a claim under the Excess Policies has been made by or on behalf of ICRC.

3.47 Each CGL policy issued to VSE includes ICRC as an additional named insured.[2]

3.48 Each CGL policy issued to VSE contains the following insuring agreement:

---

[2] ICRC was added as an additional named insured to the 2007-2008 policy, effective June 4, 2007. As a result, ICRC was not an additional named insured on the 2007-2008 policy from January 1, 2007 through June 3, 2007.

COMPLAINT FOR DECLARATORY RELIEF - 8

The Charter Oak Fire Insurance Company, et al. v.
Integrated Concepts and Research Corporation, et al.
Cause No.
5280187 10636-0002

## COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY

1. **Insuring Agreement**

   **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

   > **(1)** The amount we will pay for damages is limited as described in Section **III** – Limits Of Insurance; and
   >
   > **(2)** Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C**.

   No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages **A** and **B**.

   **b.** This insurance applies to "bodily injury" and "property damage" only if:

   > **(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";
   >
   > **(2)** The "bodily injury" or "property damage" occurs during the policy period; and

COMPLAINT FOR DECLARATORY RELIEF - 9

The Charter Oak Fire Insurance Company, et al. v.
Integrated Concepts and Research Corporation, et al.
Cause No.
5280187 10636-0002

**(3)** Prior to the policy period, no insured listed under Paragraph **1.** of Section **II** – Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

**c.** "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph **1.** of Section **II** – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

**d.** "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph **1.** of Section **II** – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:

**(1)** Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

**(2)** Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or

**(3)** Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

**e.** Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury".

COMPLAINT FOR DECLARATORY RELIEF - 10

The Charter Oak Fire Insurance Company, et al. v.
Integrated Concepts and Research Corporation, et al.
Cause No.
5280187 10636-0002

3.49 The CGL policies also contain the following definitions:

**SECTION V – DEFINITIONS**

...

**13.** "Occurrence" means an accident, including continuous or repeated exposures to substantially the same general harmful conditions.

...

**17.** "Property Damage" means:

**a.** Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

**b.** Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

3.50 Each CGL policy issued to VSE also contains the following exclusions:

**2.** **Exclusions**

**a.** **Expected Or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

**b.** **Contractual Liability**

"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

**(1)** That the insured would have in the absence of the contract or agreement;

**(2)** Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. Solely for the purposes of liability assumed in an "insured contract", reasonable attorney fees and necessary

COMPLAINT FOR DECLARATORY RELIEF - 11

The Charter Oak Fire Insurance Company, et al. v.
Integrated Concepts and Research Corporation, et al.
Cause No.
5280187 10636-0002

litigation expenses incurred by or for a party other than an insured are deemed to be damages because of "bodily injury" or "property damage", provided:

    **(a)**    Liability to such a part for, or for the cost of, that party's defense has also been assumed in the same "insured contract"; and

    **(b)**    Such attorney fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.

. . .

**j.**    **Damage To Property**

"Property damage" to:

. . .

    **(5)**    That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or

    **(6)**    That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

. . .

Paragraph **(2)** of this exclusion does not apply if the premises are "your work" and were never occupied, rented or held for rental by you.

Paragraphs **(3)**, **(4)**, **(5)** and **(6)** of this exclusion do not apply to liability assumed under a sidetrack agreement.

Paragraph **(6)** of this exclusion does not apply to "property damage" included in the "products-completed operations hazard".

**k.**    **Damage To Your Product**

"Property damage" to "your product" arising out of it or any part of it.

COMPLAINT FOR DECLARATORY RELIEF - 12

The Charter Oak Fire Insurance Company, et al. v.
Integrated Concepts and Research Corporation, et al.
Cause No.
5280187 10636-0002

**l.** **Damage To Your Work**

"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".

This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

**m.** **Damage To Impaired Property Or Property Not Physically Injured**

"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

(1) A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

(2) A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

3.51 The CGL policies also contain the following definitions:

**8.** "Impaired property" means tangible property, other than "your product" or "your work", that cannot be used or is less useful because:

**a.** It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or

**b.** You have failed to fulfill the terms of a contract or agreement;

if such property can be restored to use by:

**a.** The repair, replacement, adjustment or removal of "your product" or "your work"; or

COMPLAINT FOR DECLARATORY RELIEF - 13

The Charter Oak Fire Insurance Company, et al. v.
Integrated Concepts and Research Corporation, et al.
Cause No.
5280187 10636-0002

       **b.**    Your fulfilling the terms of the contract or agreement.

          ...

**16.**   "Products-completed operations hazard":

       **a.**    Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:

           **(1)**    Products that are still in your physical possession; or

           **(2)**    Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:

                 **(a)**    When all of the work called for in your contract has been completed.

                 **(b)**    When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.

                 **(c)**    When that part of the work done at the job site has been put to its intended use by any person or organization other than another contractor or sub-contractor working on the same project.

Work that may need service, maintenance, correction, repair, or replacement, but which is otherwise completed, will be treated as completed.

          . . .

COMPLAINT FOR DECLARATORY RELIEF - 14

The Charter Oak Fire Insurance Company, et al. v.
Integrated Concepts and Research Corporation, et al.
Cause No.
5280187 10636-0002

Case 3:15-cv-00147-RRB   Document 2   Filed 08/22/15   Page 14 of 28

21.  "Your product":

a. Means:

    (1)    Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

        (a)    You;
        (b)    Others trading under your name; or
        (c)    A person or organization whose business or assets you have acquired; and

    (2)    Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.

b.    Includes:

    (1)    Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product"; and

    (2)    The providing of or failure to provide warnings or instructions.

c.    Does not include vending machines or other property rented to or located for the use of others but not sold.

22.  "Your work":

a.    Means:

    (1)    Work or operations performed by you or on your behalf; and

    (2)    Materials, parts or equipment furnished in connection with such work or operations.

b.    Includes:

    (1)    Warranties or representations made at any time with respect to the fitness, quality,

COMPLAINT FOR DECLARATORY RELIEF - 15

The Charter Oak Fire Insurance Company, et al. v.
Integrated Concepts and Research Corporation, et al.
Cause No.
5280187 10636-0002

Case 3:15-cv-00147-RRB   Document 2   Filed 08/22/15   Page 15 of 28

durability, performance or use of "your work", and

(2)    The providing of or failure to provide warnings or instructions

3.52  The CGL policies also contain the following endorsement[3]:

## EXCLUSION – CONSTRUCTION MANAGEMENT ERRORS AND OMISSIONS

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

The following exclusion is added to Paragraph **2., Exclusions** of **Section I – Coverage A – Bodily Injury and Property Damage Liability** and Paragraph **2., Exclusions** of **Section I – Coverage B- Personal And Advertising Injury Liability:**

This insurance does not apply to "bodily injury", "property damage", "personal injury" or "advertising injury" arising out of:

**1.**    The preparing, approving, or failure to prepare or approve, maps, shop drawings, opinions, reports, surveys, field orders, change orders or drawings

and specifications by any architect, engineer or surveyor performing services on a project on which you serve as construction manager; or

**2.** Inspection, supervision, quality control, architectural or engineering activities done by or for you on a project on which you serve as construction manager.

This exclusion does not apply to "bodily injury" or "property damage" due to construction or demolition work done by you, your "employees" or your subcontractors.

---

[3] The Construction Management Errors and Omissions Exclusion was added to the 2007-2008 policy effective June 4, 2007. As a result, this Exclusion does not form part of the 2007-2008 policy from January 1, 2007 through June 3, 2007.

COMPLAINT FOR DECLARATORY RELIEF - 16

The Charter Oak Fire Insurance Company, et al. v.
Integrated Concepts and Research Corporation, et al.
Cause No.
5280187 10636-0002

3.53 The CGL policies also contain the following endorsement:

## EXCLUSION – ENGINEERS, ARCHITECTS OR SURVEYORS PROFESSIONAL LIABILITY

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

The following exclusion is added to Paragraph **2., Exclusions** of **Section I – Coverage A – Bodily Injury and Property Damage Liability** and Paragraph **2., Exclusions** of **Section I – Coverage B- Personal And Advertising Injury Liability:**

This insurance does not apply to "bodily injury", "property damage", "personal injury" or "advertising injury" arising out of the rendering of or failure to render any professional services by you or any engineer, architect or surveyor who is either employed by

You or performing work on your behalf in such capacity.

Professional services include:
. The preparing, approving, or failing to prepare or approve, maps, shop drawings, opinions, reports, surveys, field orders, change orders or drawings and specifications; and
. Supervisory, inspection, architectural or engineering activities.

3.54 The CGL policies also contain the following endorsement:

## EXCLUSION – TESTING OR CONSULTING ERRORS AND OMISSIONS

. . .

This insurance does not apply to "bodily injury," "property damage," "personal injury" or "advertising injury" arising out of:

The Charter Oak Fire Insurance Company, et al. v.
Integrated Concepts and Research Corporation, et al.
Cause No.
5280187 10636-0002

1.  Any error, omission, defect or deficiency in any test performed, or any evaluation, consultation or advice given by or on behalf of any insured; or

2.  The reporting of or reliance upon any such test, evaluation, consultation or advice given or which should have been given in connection therewith.

3.55 The CGL policies contain the following provisions regarding the existence of Other

Insurance:

**4.   Other Insurance**

If other valid and collectible insurance is available to the insured for a loss we cover under Coverages **A** or **B** of this Coverage Part, our obligations are limited as follows:

**a.   Primary Insurance**

This insurance is primary except when **b.** below applies. If this insurance is primary, our obligations are not affected unless any of the other insurance is also primary. Then, we will share with all that other insurance by the method described in **c.** below.

**b.   Excess Insurance**

This insurance is excess over:

(1)   Any of the other insurance, whether primary, excess, contingent or on any other basis:

(a)   That is Fire, Extended Coverage, Builder's Risk, Installation Risk or similar coverage for "your work";

(b)   That is Fire insurance for premises rented to you or temporarily occupied by you with permission of the owner;

(c)   That is insurance purchased by you to cover your liability as a tenant for "property damage" to premises rented to you or temporarily occupied by you with permission of the owner; or

COMPLAINT FOR DECLARATORY RELIEF - 18

The Charter Oak Fire Insurance Company, et al. v.
Integrated Concepts and Research Corporation, et al.
Cause No.
5280187 10636-0002

Case 3:15-cv-00147-RRB   Document 2   Filed 08/22/15   Page 18 of 28

**(d)** If the loss arises out of the maintenance or use of aircraft, "autos" or watercraft to the extent not subject to Exclusion **g.** of Section **I** – Coverage **A** - Bodily Injury And Property Damage Liability.

**(2)** Any other primary insurance available to you covering liability for damages arising out of the premises or operations for which you have been added as an additional insured by attachment of an endorsement.

When this insurance is excess, we will have no duty under Coverages **A** or **B** to defend the insured against any "suit" if any other insurer has a duty to defend the insured against that "suit". If no other insurer defends, we will undertake to do so, but we will be entitled to the insured's rights against all those other insurers.

When this insurance is excess over other insurance, we will pay only our share of the amount of the loss, if any, that exceeds the sum of:

**(1)** The total amount that all such other insurance would pay for the loss in the absence of this insurance; and

**(2)** The total of all deductible and self-insured amounts under all that other insurance.

We will share the remaining loss, if any, with any other insurance that is not described in this Excess Insurance provision and was not bought specifically to apply in excess of the Limits of Insurance shown in the Declarations of this Coverage Part.

**c.    Method Of Sharing**

If all of the other insurance permits contribution by equal shares, we will follow this method also. Under this approach each insurer contributes equal amounts until it has paid its applicable limit of insurance or none of the loss remains, whichever comes first.

If any of the other insurance does not permit contribution by equal shares, we will contribute by limits. Under this

COMPLAINT FOR DECLARATORY RELIEF - 19

The Charter Oak Fire Insurance Company, et al. v.
Integrated Concepts and Research Corporation, et al.
Cause No.
5280187 10636-0002

Case 3:15-cv-00147-RRB   Document 2   Filed 08/22/15   Page 19 of 28

method, each insurer's share is based on the ratio of its applicable limit of insurance to the total applicable limits of insurance of all insurers.

3.56  The CGL policies also contain the following endorsement:

**LIMITATION WHEN TWO OR MORE POLICIES APPLY**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART
EMPLOYEE BENEFITS LIABILITY COVERAGE PART
LIQUOR LIABILITY COVERAGE PART
PRODUCTS/COMPLETED OPERATIONS LIABILITY
COVERAGE PART

**Provisions**
1. Injury, damage or loss might be covered by this policy and also by other policies issued to you by us or any Travelers affiliate. When these other policies contain a provision similar to this one, the amount we will pay is limited. The maximum that we will pay under all such policies combined is the highest limit that applies in any one of these policies.

2. This does not apply to any personal liability policy or to any Umbrella, Excess or Protective Liability policy.

3.57  The CGL policies also contain the following cooperation clause:

**2.    Duties In The Event Of Occurrence, Offense, Claim Or Suit**

a.    You must see to it that we are notified as soon as practicable of an occurrence or an offense which may result in a claim. To the extent possible, notice should include:

(1)    How, when and where the occurrence or offense took place;
(2)    The names and addresses of any injured persons and witnesses; and
(3)    The nature and location of any injury or damage arising out of the occurrence or offense.

COMPLAINT FOR DECLARATORY RELIEF - 20

The Charter Oak Fire Insurance Company, et al. v.
Integrated Concepts and Research Corporation, et al.
Cause No.
5280187 10636-0002

**b.** If a claim is made or suit is brought against any insured, you must:

    **(1)** Immediately record the specifics of the claim or "suit" and the date received; and

    **(2)** Notify us as soon as practicable

You must see to it that we receive written notice of the claim or suit as soon as practicable.

**c.** You and any other involved insured must:

    **(1)** Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or suit

    **(2)** Authorize us to obtain records and other information;

    **(3)** Cooperate with us in the investigation or settlement of the claim or defense against the suit; and

    **(4)** Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

**d.** No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

## IV. THERE IS NO COVERAGE AVAILABLE UNDER THE TRAVELERS' POLICIES

4.1 Travelers reasserts paragraphs 1.1 through 3.57 as fully set forth herein.

4.2 There is no coverage available to ICRC for the claims asserted by Anchorage, under the policies issued by Travelers.

4.3 The CGL policies of insurance issued by Travelers provide coverage for "bodily injury" or "property damage" that occurs during the policy period.

COMPLAINT FOR DECLARATORY RELIEF - 21

The Charter Oak Fire Insurance Company, et al. v.
Integrated Concepts and Research Corporation, et al.
Cause No.
5280187 10636-0002

Case 3:15-cv-00147-RRB   Document 2   Filed 08/22/15   Page 21 of 28

4.4 There exists an actual and justiciable dispute as to whether the Underlying Lawsuit involves "property damage" as that term is defined by the CGL policies issued by Travelers.

4.5 There exists an actual and justiciable dispute as to whether the Underlying Lawsuit involves "property damage" that occurred during the period of Travelers' CGL policies of insurance.

4.6 The Travelers CGL policies of insurance do not provide coverage for "property damage" that is known in whole or in part by the insured prior to the effective date of the policy period.

4.7 There is an actual and justiciable dispute as to whether the alleged "property damage" was known in whole or in part by the insured prior to the inception of the Travelers CGL policies.

4.8 The Travelers CGL policies of insurance do not provide coverage for "property damage" that is not caused by an "occurrence."

4.9 There is an actual and justiciable controversy as to whether any alleged "property damage" was caused by an "occurrence," as that term is defined.

4.10 The Travelers CGL policies of insurance do not provide coverage for "property damage" expected or intended from the standpoint of the insured.

4.11 There exists an actual and justiciable dispute as to whether the alleged "property damage" was expected or intended from the standpoint of the insured.

The Charter Oak Fire Insurance Company, et al. v.
Integrated Concepts and Research Corporation, et al.
Cause No.
5280187 10636-0002

4.12 The Travelers CGL policies of insurance do not provide coverage for "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement.

4.13 There is an actual and justiciable dispute as to whether the insured is obligated to pay for any alleged "property damage" due to an assumption of liability through a contract or agreement.

4.14 The Travelers CGL policies of insurance do not provide coverage for "property damage" to the particular part of real property on which the insured or any contractors or subcontractors are performing operations, if the property damage arises out of those operations.

4.15 There exists an actual and justiciable dispute as to whether the alleged "property damage" occurred to real property on which work was being performed by the insured or any contractor or subcontractor.

4.16 The Travelers CGL policies of insurance do not provide coverage for "property damage" to the particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

4.17 There exists an actual and justiciable dispute as to whether the alleged "property damage" is to that particular part of property that had to be restored, repaired or replaced because "your work" was incorrectly performed.

4.18 The Travelers CGL policies of insurance do not provide coverage for "property damage" to "you product" arising out of it or any part of it.

COMPLAINT FOR DECLARATORY RELIEF - 23

The Charter Oak Fire Insurance Company, et al. v.
Integrated Concepts and Research Corporation, et al.
Cause No.
5280187 10636-0002

4.19 There exists an actual and justiciable controversy as to whether the alleged "property damage" is to "your product" arising out of it or any part of it.

4.20 The Travelers CGL policies of insurance do not provide coverage for "property damage" to "your work" arising out of it or any part of it and is included in the "products-completed operations hazard".

4.21 There exists an actual and justiciable dispute as to whether the alleged property damage is to "your work" arising out of it or any part of it.

4.22 The Travelers CGL policies of insurance do not provide coverage for "impaired property" or property that has not been physically injured.

4.23 There exists an actual and justiciable dispute as to whether the "property damage" occurred to "impaired property" or "property that is not physically injured" arising out of a defect, deficiency, inadequacy or dangerous condition in "your product" or "your work" or a delay or failure to perform on a contract or agreement in accordance with its terms.

4.24 The Travelers CGL policies of insurance do not provide coverage for "property damage" arising out of the preparing, approving, or failure to prepare or approve, maps, shop drawings, opinions, reports, surveys, field orders, change orders, or drawings and specifications by any architect, engineer or surveyor performing services on a project on which the insured serves as construction manager.

4.25 The Travelers CGL policies of insurance do not provide coverage for "property damage" arising out of inspection, supervision, quality control, architectural or engineering activities done by or on behalf of the insured on a project on which the insured serves as construction manager.

COMPLAINT FOR DECLARATORY RELIEF - 24

The Charter Oak Fire Insurance Company, et al. v.
Integrated Concepts and Research Corporation, et al.
Cause No.
5280187 10636-0002

4.26 There is an actual and justiciable dispute as to whether the alleged "property damage" arises out of the insured's services as a construction manager.

4.27 The Travelers CGL policies of insurance do not provide coverage for "property damage" arising out of the rendering or failure to render professional services.

4.28 There is an actual and justiciable dispute as to whether the alleged "property damage" arises out of the rendering or failure to render professional services by or on behalf of the insured.

4.29 The Travelers CGL policies of insurance do not provide coverage for "property damage" arising out errors, omissions, defects, or deficiencies in any testing or consulting conducted by or on behalf of any insured.

4.30 There is an actual and justiciable dispute as to whether the claims in the Underlying Lawsuit arise from omissions, defects, or deficiencies in any testing or consulting conducted by or on behalf of ICRC.

4.31 Pursuant to the terms and conditions of the Travelers CGL policies of insurance, the Travelers CGL policies may be excess over other valid and collectible insurance.

4.32 There is an actual and justiciable controversy as to whether there is other valid and collectible insurance available to ICRC that would render the Travelers CGL policies excess.

4.33 The Travelers CGL policies of insurance limit the amount available to the single, highest limit that applies in any one of the policies when two or more policies apply to the claim.

4.34 There is an actual and justiciable dispute as to whether two or more CGL policies apply to this claim.

COMPLAINT FOR DECLARATORY RELIEF - 25

The Charter Oak Fire Insurance Company, et al. v.
Integrated Concepts and Research Corporation, et al.
Cause No.
5280187 10636-0002

4.35 Upon the withdrawal of defense with respect to uncovered claims, Travelers requested that ICRC separate defense fees and costs incurred in the defense of covered claims from uncovered claims as obligated under Alaska Stat. § 21.96.100 (2012).

4.36 There is an actual and justiciable dispute as to whether ICRC properly segregated defense fees and costs incurred in the defense of covered claims from uncovered claims in violation of Alaska Stat. § 21.96.100 (2012).

4.37 The Travelers CGL policies require that ICRC cooperate with Travelers' efforts and assist Travelers with the enforcement of any right against another potentially liable party.

4.38 There is an actual and justiciable dispute as to whether ICRC failed to cooperate with Travelers in violation of the terms and conditions of the Travelers CGL policies.

4.39 The Excess Policies issued by Travelers follow the form of the primary CGL policies and contain substantially the same coverages, exclusions, terms and conditions.

4.40 There is an actual and justiciable controversy as to whether coverage is afforded under the Excess Policies issued by Travelers in light of the coverage issues present under the CGL policies.

4.41 To date, no tender of a claim under the Excess Policies has been received by Travelers.

4.42 There is an actual and justiciable controversy as to whether ICRC's failure to tender a claim under the Excess Policies precludes coverage under the Excess Policies.

## V. REQUEST FOR DECLARATORY RELIEF

5.1 Travelers reasserts paragraphs 1.1 through 4.42 as fully set forth herein.

5.2 Actual and justiciable controversies exist as to whether any coverage is available to the ICRC under the Travelers polices of insurance as set forth above.

COMPLAINT FOR DECLARATORY RELIEF - 26

The Charter Oak Fire Insurance Company, et al. v.
Integrated Concepts and Research Corporation, et al.
Cause No.
5280187 10636-0002

5.3 Travelers requests that the Court grant declaratory relief entering a judicial determination that Travelers has no obligation to provide a defense or indemnity to ICRC in the underlying action.

5.4 Travelers further requests, to the extent it is determined no defense or indemnity obligation exists, that the Court enter a judicial determination that Travelers is entitled to reimbursement of defense fees and costs incurred.

5.5 Travelers further requests that the Court enter a judicial determination that Travelers is entitled to reimbursement of fees and costs paid by Travelers that were improperly included in legal billings from ICRC's counsel and which were not segregated from fees incurred for matters that Travelers agreed to defend.

## VI.    PRAYER FOR RELIEF

Wherefore Travelers prays for relief as follows:

1.  For a declaration that there is no defense or indemnity coverage available to ICRC under the policies of insurance issued by Travelers for the underlying action.

2.  For reimbursement of defense fees and costs incurred in the defense of uncovered claims.

3.  For all interest allowed by law.

4.  For attorney fees and costs allowed by statute, court rule and other rule of law.

For any other relief as the Court sees as just and equitable.

COMPLAINT FOR DECLARATORY RELIEF - 27

The Charter Oak Fire Insurance Company, et al. v.
Integrated Concepts and Research Corporation, et al.
Cause No.
5280187 10636-0002

DATED this 21st day of August, 2015.

PREG O'DONNELL & GILLETT PLLC

By   /s/ Earl Sutherland
     Earl Sutherland, ABA #8111132
Attorneys for Plaintiffs The Charter Oak Fire
Insurance Company, The Travelers Indemnity
Company Of America, The Travelers Indemnity
Company Of Connecticut, And Travelers
Property Casualty Company Of America
PREG O'DONNELL & GILLETT PLLC
901 Fifth Avenue, Suite 3400
Seattle, WA 98164
Firm Email:
       esutherland@pregodonnell.com

COMPLAINT FOR DECLARATORY RELIEF - 28

The Charter Oak Fire Insurance Company, et al. v.
Integrated Concepts and Research Corporation, et al.
Cause No.
5280187 10636-0002